■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSH ISRAEL, Appellant.— In a *coram nobis* proceeding, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated November 22, 1967, as, on reargument, and after a hearing, adhered to the original decision denying the application. Order affirmed insofar as appealed from. No opinion. Appeal from order of the same court dated June 30, 1966 dismissed as academic. That order was superseded by the order dated November 22, 1967. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERIC LEVI, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 19, 1969, convicting him of petit larceny, upon a plea of guilty, and imposing sentence of certifying him, as a narcotic addict, to the care and custody of the Narcotic Addiction Control Commission for an indeterminate term of not more than 36 months. Judgment reversed, on the law and the facts, defendant's plea of guilty vacated, indictment reinstated, and case remitted to the County Court for further proceedings not inconsistent herewith. At the time defendant pleaded guilty, the County Court had " reasonable cause to believe that the defendant * * * [was] a narcotic addict" (Mental Hygiene Law, § 208, subd. 1). The court therefore had the clear duty under subdivision 1 of section 208 of the Mental Hygiene Law to so notify defendant and afford him " an opportunity to admit, deny or stand mute with respect to the issue of whether he * *. * [was or was] not a narcotic addict." In our opinion, defendant was not so notified; nor was he given an opportunity to contest the issue. Moreover, the court abused its discretion under section 337 of the Code of Criminal Procedure when it refused to allow defendant to withdraw his guilty plea once he learned that the plea, when taken together with his being found to be an addict, meant that certification to the care and custody of the Narcotic Addiction Control Commission was mandatory under subdivision 4 of section 208 of the Mental Hygiene Law. The record seems to indicate that had defendant been cognizant, before he pleaded guilty, of the fact that such certification would thus have to follow, he might well have pleaded not guilty and gone to trial, both on the question of his commission of the crimes for which he was indicted and on the question of his addiction (under Mental Hygiene Law, § 208). This is because he apparently wanted to be sentenced to a shorter term in jail under the Penal Law, rather than certified to the care and custody of the commission for an indefinite period of up to 36 months under the Mental Hygiene Law. In these circumstances, he should be allowed to withdraw his plea. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.